# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

PEDRO V. MARTINEZ, )
)
        Petitioner, )
)
v. )   **Case No. CIV 07-163-FHS-KEW**
)
**BRUCE HOWARD, Warden,** )
)
        Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, attacks his conviction in Muskogee County District Court Case Number CF-99-516 for Escape from a Penal Institution. He sets forth the following grounds for relief:

    I.    The trial court's findings of fact and law ignore the legitimate issues raised in this case, which prove that petitioner's conviction was obtained in violation of his constitutional rights to effective assistance of counsel.

    II.    The petitioner is actually innocent of the charge of Escape from a Penal Institution, and by entering the plea of *Alford* law, as he did, as well as the verifiable due diligence exercised by the petitioner, he has maintained his innocence from the begging [sic].

    III.    There was insufficient [evidence] to support the charge of Escape from a Penal Institution.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's Judgment and Sentence in Muskogee County District Court Case No. CF-99-516.

B. Order (1) withdrawing "Order Dismissing Appeal of Denial of Post-Conviction Relief," (2) affirming final judgment denying post-conviction relief, and dismissing request for appeal out of time as moot. *Martinez v. Dist. Ct. of Muskogee County*, No. MA-2006-173, and *Martinez v. State*, Nos. PC-2006-591 and PC-2007-30 (Okla. Crim. App. Mar. 30, 2007).

C. Petitioner's appeal of the denial of his post-conviction application.

D. Petitioner's brief in support of his post-conviction appeal.

E. Transcript of petitioner's plea and sentencing in Case No. CF-99-516.

F. Petitioner's written Plea of Guilty in Case No. CF-99-516.

G. Transcript of petitioner's preliminary hearing in Case No. CF-99-516.

H. Affidavit by Mark Burk concerning petitioner's release from prison on May 26, 1999.

**Facts**

On May 26, 1999, petitioner was missing during two bed counts at Jess Dunn Correctional Center (JDCC) in Taft, Oklahoma, and he was not working away from the facility. Petitioner claims one of the JDCC employees escorted him to the Muskogee bus station and erroneously released him. On June 14, 1999, he was charged by Information with Escape from a Penal Institution, and a detainer/warrant was issued for his arrest. On October 12, 2002, he was arrested in New Mexico for having an open container in a moving vehicle. After serving his New Mexico sentence, he was returned to Oklahoma. On June 9, 2005, petitioner entered an *Alford* plea to the charge of Escape from a Penal Institution and was sentenced to two years' imprisonment.

**Ground I: Ineffective Assistance of Counsel**

Petitioner alleges he was coerced into entering his *Alford* plea, because his attorney told him a jury trial would have resulted in a sentence ranging from 10 years to life imprisonment. The attorney allegedly advised him that if he did not enter a plea, the prosecutor would dismiss the charge and refile it with one former conviction, which would have enhanced the sentence. Petitioner asserts counsel stated that even though petitioner was released from prison through no fault of his own, he knew he was not supposed to be released. Petitioner also claims his attorney failed to argue the validity and alleged illegality of the extradition warrant and proceedings.

The respondent alleges counsel was not ineffective, and petitioner's guilty plea was voluntary and intelligent. Petitioner first raised this claim in his application for post-conviction relief, which was denied by the state district court. The Oklahoma Court of Criminal Appeals (OCCA) found petitioner's claim was procedurally barred. *Martinez v. State*, Nos. PC-2006-591 and PC-2007-30, slip op. at 3-4 (Okla. Crim. App. Mar. 30, 2007) [Docket #9-3]. Petitioner would be barred from federal habeas relief, except a petitioner can raise a claim of ineffective assistance of counsel for the first time in a federal habeas corpus petition, if he did not have an opportunity to consult with separate counsel on direct appeal. *Miller v. Champion*, 161 F.3d 1249, 1252 (10th Cir. 1998).

"There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)).

> To establish an ineffective assistance claim, a [petitioner] must

3

> demonstrate both that his attorney's representation was deficient and that the attorney's substandard performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this instance, deficient performance requires a showing that counsel gave advice that was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quotation omitted). For prejudice, [petitioner] must demonstrate there is a "reasonable probability, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

*Rodgers v. Wyoming Attorney General*, 205 F.3d 1201, 1206 (10th Cir. 2000). "A guilty plea entered upon the advice of counsel is invalid if the plea was coerced, or if the advice of defendant's counsel was not within the range of competence demanded of attorneys in criminal cases." *United States v. Carr*, 80 F.3d 413, 416 (10th Cir. 1996) (citations omitted).

At petitioner's plea hearing he signed a Summary of Facts form, acknowledging he understood his rights and that he was waiving those rights by entering his *Alford* plea. [Docket #9-7 at 2]. He admitted he was entering the plea of his own free will "and without any coercion or compulsion of any kind." *Id*. He indicated he had discussed the charge with his attorney, and he believed his lawyer had provided effective assistance, and petitioner was satisfied with counsel's advice. *Id*. He admitted the State could prove that on May 26, 1999, he was a DOC inmate, he was unaccounted for on that date, and he had not been discharged from prison. *Id*. The trial court found petitioner's plea was made freely and voluntarily. *Id*. at 4; Docket #9-6 at 7.

At petitioner's plea hearing, the court advised him of his right to a jury trial, the State's burden of proof, the sentencing range for his offense, his right to present a defense, his right to confront witnesses against him, and his right to remain silent. [Docket #9-6 at 2-4]. Petitioner told the court he felt he had been given enough time to consult with his lawyer, and he believed his plea was a reasonable resolution of the matter. *Id*. at 3-4. He

4

also stated he was entering the plea of his own free will, without pressure, threats, force, or promises. *Id.* at 6.

"The Due Process Clause of the Fourteenth Amendment requires that a defendant knowingly and voluntarily enter a plea of guilty." *Fields v. Gibson*, 277 F.3d 1203, 1212-1213 (10th Cir.), *cert. denied*, 537 U.S. 1023 (2002) (citations omitted). The issue is whether the trial court conducted an adequate inquiry to conclude that petitioner's plea was voluntary. The trial court must determine whether:

> (1) Petitioner understood the nature of the charges, the terms of the plea agreement, and the consequences of his plea; (2) Petitioner understood that he was waiving his right to a jury trial and right to confront witnesses; (3) no one had threatened or coerced Petitioner to enter the plea agreement; and (4) Petitioner was not then being treated for mental illness, nor was he under the influence of medication that might affect his competency.

*Miles v. Dorsey*, 61 F.3d 1459, 1471-1472 (10th Cir. 1995), *cert. denied*, 516 U.S. 1062 (1996). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *See also Cunningham v. Diesslin*, 92 F.3d 1054, 1062 (10th Cir. 1996) (holding that because the petitioner stated in open court that he was not relying on any promises or predictions, his plea was voluntary).

The record shows that petitioner repeatedly admitted he was voluntarily entering an *Alford* plea, and he was aware of the consequences of the plea. There is nothing in the record to support his claim that counsel coerced his plea. The court, therefore, finds petitioner has failed to show counsel's performance was deficient. The court further finds that petitioner has not proven that, but for counsel's allegedly ineffective assistance, he would not have entered his plea. A petitioner's mere allegation that he would have gone to trial is insufficient. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001), *cert. denied*, 534

5

U.S. 1140 (2002). Instead, the habeas court must "look to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial," *id.* (citations omitted), and whether the defense would have succeeded at trial, *Hill*, 474 U.S. at 59.

The elements of Escape from a Penal Institution are (1) escape from the custody of the DOC, (2) by an inmate in its custody, (3) while actually confined in a correctional facility. *See* Instruction No. 6-53, Okla. Uniform Jury Instruction--Criminal 2d. Escape means "a departure from custody with or without force, whether from the custody of an officer or from any place where one is lawfully confined." *Id.* The undisputed facts were presented at petitioner's plea proceedings:

> [On] May 26th, 1999, there was a bunk count at 4:30 in the afternoon. Mr. Martinez was not on that count. There was a search that was implemented on the grounds of the buildings. Central Control was contacted. Mr. Martinez was not on an out count, that would be working some place other than there on Jess Dunn's grounds. Search procedures were implemented. Another count was conducted at 5:20. He was not on that count either. And he was later found to be in New Mexico in 2002, where he was re-arrested. And at the time on May 26th, 1999, he was serving a twenty-five year sentence in two cases. So, at that time he would have had over six thousand more days left to serve at Jess Dunn Correctional Center that's located here in Muskogee County.

[Docket #9-6 at 6-7].

In addition, the prison shift supervisor testified at petitioner's preliminary hearing that petitioner was missing at the 4:30 p.m. count and did not have permission to be off the unit. [Docket #9-8 at15]. The shift supervisor would have been notified if petitioner had been discharged. *Id.* at 16. The records officer also testified that petitioner had not been discharged on the day of his escape, and he did not have permission to be away from the facility. *Id.* at 22-24.

Petitioner's only defense was that someone named Mark Burk picked him up from the bus stop. [Docket #9-8 at 27]. Mr. Burk's affidavit states that petitioner called him at about 8:30 a.m. on May 26, 1999, asking to be picked up at the Muskogee bus station. [Docket #9-9]. According to the affidavit, when Mr. Burk arrived at the bus station, petitioner said that a DOC correctional officer had dropped him off at the station. *Id*. Petitioner and Burk then went home to celebrate petitioner's release. *Id*. The court finds Mr. Burk's affidavit includes hearsay evidence about petitioner's statement about being taken to the bus station. The court also notes that petitioner has presented no evidence concerning the identity of the officer who allegedly took him to the station.

After careful review of the entire record, the court finds petitioner has failed to demonstrate he would have proceeded to trial, if counsel had not "coerced" him to plea guilty. Counsel, therefore, was not ineffective, and petitioner is not entitled to relief on this habeas corpus claim.

*Extradition*

Petitioner also is challenging the validity of his extradition from New Mexico. He alleges there were errors in the procedures used to accomplish his extradition from New Mexico to Oklahoma under the Uniform Criminal Extradition Act. In petitioner's post-conviction appeal the OCCA held that a wrongful extradition would not deprive a state district court of jurisdiction over the case. *Martinez v. State*, slip op. at 6.

> That a defendant has been wrongfully extradited or is otherwise unlawfully made to appear before a state court for trial does not operate to deprive that court of personal jurisdiction to try the case and enter a conviction. Moreover, Petitioner entered a plea of guilty to the charge presented in the State's Information. He therefore voluntarily submitted himself to the District Court's authority and waived any objection he may have had to its *in personam* jurisdiction.

7

*Id.* (footnotes omitted).

The respondent asserts the OCCA considered and found no merit in this claim in petitioner's post-conviction appeal, and under the applicable federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[O]nce a prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state." *Gee v. State of Kansas*, 912 F.2d 414, 416 (10th Cir. 1990) (citations omitted). "There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." *Frisbie v. Collins*, 342 U.S. 519, 512 (1952). Therefore, the OCCA's determination of this claim was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). This ground for habeas relief is meritless.

**Ground II: Actual Innocence**

Petitioner alleges in Ground II that he is actually innocent of the charge, and his *Alford* plea supports his claim of innocence. He claims JDCC records prove his property was released to him on May 26, 1999, and he would not have received his property, if he had not been released by the facility. The OCCA found this claim was procedurally barred for failure to raise the issue on direct appeal. *Martinez v. State*, slip op. at 3-4.

8

The respondent asserts that actual innocence is not a ground for relief in a federal habeas corpus action. While a claim of actual innocence may be asserted in an attempt to overcome a procedural default of claims, there is no federal habeas corpus relief available for an independent claim of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 400, 416-17 (1993); *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001); *Sellers v. Ward*, 135 F.3d 1333, 1338-39 (10th Cir. 1998). Furthermore, as set forth above in Ground I, the evidence clearly supported petitioner's conviction of the charge. The ground for relief fails.

**Ground III: Sufficiency of the Evidence**

Petitioner claims the evidence was insufficient to support his charge of Escape from a Penal Institution. He claims he was released through no fault of his own, and his attorney failed to present evidence from the facility transport officer, witnesses, or the Count Sheet Log for May 26, 1999. The OCCA found this claim also was procedurally barred from post-conviction consideration. *Martinez*, slip op. at 3-4. Petitioner, therefore, is barred from pursuing federal relief on this claim.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner argues his cause for the default was counsel's failure to file a motion to withdraw the plea. The court need not consider petitioner's "cause," however, because the claim may be decided more easily on the merits. *See Smith v. Mullin*, 379 F.3d 919, 925

9

(10th Cir. 2004).[1]

A criminal defendant who voluntarily and knowingly enters a guilty plea waives all non-jurisdictional constitutional objections. *United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994); *United States v. Broce*, 781 F.2d 792, 821 (10th Cir. 1986). Therefore, a petitioner's plea of guilty is not subject to a collateral attack on the ground that he is not guilty of the crime. *See Payton v. United States*, 436 F.2d 575, 576-77 (10th Cir. 1970). Although petitioner entered an *Alford* plea and did not admit his guilt, he did admit that the State could prove its case. Petitioner cannot now claim the State lacked sufficient evidence to convict him.

In addition, the question in an evaluation of the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The evidence supporting petitioner's guilt was fully discussed above in Ground I, and the court finds the evidence was sufficient under the standard of *Jackson*.

*Parole Proceedings*

Petitioner has filed a Notice to the Court [Docket #13], advising he was granted parole from certain 1994 convictions, and he now is serving the two-year sentence for the

---

[1] The OCCA found that although clearly aware of his right to appeal, "Petitioner did not allege that he ever instructed his attorney to initiate appeal proceedings or that he ever gave any indication to his attorney that he might be interested in appealing." *Martinez*, Nos. PC-2006-591 and PC-2007-30, slip op. at 5. Therefore, "Petitioner did not demonstrate that his counsel, under the circumstances, had any duty to file pleadings preserving Petitioner's right of appeal or had any duty to consult with Petitioner about a possible appeal." *Id.* (footnote omitted).

conviction at issue in this habeas petition. He asserts that in advocating for the parole, his attorney sent the Governor a letter stating that petitioner mistakenly was released by DOC and charged with Escape. Because the parole was granted, petitioner is arguing he should be granted his allegedly "lost" earned credits from June 26, 1999, to October 12, 1999. He also asserts he is entitled to immediate discharge and expungement of his record.

The court finds the alleged letter to the Governor has no bearing on the validity of petitioner's conviction and sentence in Case No. CF-99-516, which is the matter at issue in this habeas corpus action. In addition, a habeas corpus petition, pursuant to 28 U.S.C. § 2254, is not the method for challenging the alleged loss of earned credits. Such claims must be presented through a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 30th day of July 2008.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**